UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA : **FINAL ORDER OF FORFEITURE**
:
-v.- : 18 Cr. 880 (VB)
:
HECTOR MAY, :
:
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about January 15, 2019, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 7), which ordered the forfeiture to the United States of all right, title and interest of HECTOR MAY (the "Defendant") in the following property:

   a.   Any and all funds in account number 015062762365 held in the name of ECP, Inc. located at JPMorgan Chase Banks, N.A.;

   b.   Any and all funds in account number 0310064762765 held in the name of ECP, Inc. located at JPMorgan Chase Banks, N.A.;

   c.   Any and all funds in account number 6809196613 held in the name of Sonia May located at JPMorgan Chase Bank, N.A. (the "6613 Account");

   d.   Any and all funds in account number 93631142670 held in the name of Sonia May located at JPMorgan Chase, N.A. (the "2670 Account");

   e.   Any and all funds in account number 986666 held in the name of Executive Compensation Planners, Inc. located at Citibank Bank, NA;

   f.   Any and all funds in account number 16072324 held in the name of Hector May located at Sterling Bank;

   g.   Any and all funds in account number 7800002292 held in the name of Hector May located at Sterling Bank;

h. Any and all funds in account number 324532011941 in the name of Hector May and Sonia May at KeyBank that exceed the sum of $38,666;

i. Any and all funds held in accounts in the name of Hector May or Sonia May, located at Securities America Inc., including without limitation accounts AEW-181480, 81802257301AKO, 81802257302AKO, RCT395730, STL158178, and any deferred compensation plans;

j. Any and all funds in account number 93631142670 held in the name of Sonia May located at JPMorgan Chase Bank, N.A. (the "2670 Account")

k. Any and all accounts in the name of Sonia May and Hector May located at Franklin Templeton Investor Services, LLC, including without limitation account 60160765368106011 (the "6011 Account");

l. One Cartier 18KT Bracelet with diamonds(the "Bracelet");

m. One handmade 14KT yellow gold tennis bracelet;

n. One pair diamond earrings;

o. One 14 KT white gold diamond tennis bracelet;

p. One pair Japanese cultured pearl and diamond earrings;

q. One 18KT white gold necklace;

r. One pair 14KT white gold diamond earrings;

s. One 14KT white gold diamond stick pin;

t. One men's Rolex oyster perpetual datejust watch;

u. One ladies Rolex oyster perpetual datejust watch;

v. One pair of diamond and pearl earrings;

w. One natural Blackglama female mink jacket 28" long;

x. One blush full fox skin jacket;

2

  y.  One blush dyed fox full skin headband;

  z.  One natural silver tip raccoon coat;

  aa.  One natural Blackglama female mink jacket 51" long;

  bb.  One natural Russian lynx vest;

  cc.  One natural female mink coat with notch collar rollup cuffs;

  dd.  One silver cutlery set for twelve located at the defendants residence in Orangeburg, NY (the "Cutlery Set"); and

  ee.  One antique Grandfather clock located in Orangeburg, NY;

(a through ee, collectively, the "Specific Property").

  WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

  WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

  WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov)

3

beginning on January 31, 2019 for thirty (30) consecutive days, through March 1, 2019, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on July 16, 2019 (D.E. 20);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, Sonia May notified the Government of her potential interest in the following property: in the 6613 Account, the 2670 Account, the 4919 Account, the 6011 Account, the Bracelet and the Cutlery Set;

WHEREAS, on or about April 22, 2019, the Court entered a Stipulation and Order in which (i) the Government agreed to not seek the forfeiture of the 6613 Account, the 2670 Account, the 4919 Account, and $37,976.49 of the 6011 Account, the Bracelet and the Cutlery Set (the "Returned Property") and (ii) Sonia May agreed, with the exception of the Returned Property, to withdraw any and all claims to the remaining Specific Property (the "Forfeited Property")(D.E. 15);

WHEREAS, the Defendant and Sonia May, and are the only persons and/or entities known by the Government to have a potential interest in the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Forfeited Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Property.

3. The United States Marshals Service (or its designee) shall take possession of the Forfeited Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       July __, 2020

SO ORDERED:

_____
HONORABLE VINCENT L. BRICETTI
UNITED STATES DISTRICT JUDGE

5