UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

HECTOR MAY,
                               Defendant.
--------------------------------------------------------------x

**ORDER**

18 CR 880 (VB)

      For substantially the reasons set forth in the government's letter dated November 15, 2022 (Doc. #46), defendant's motion pursuant to Fed. R. Crim P. 36 to "correct" the amended judgment dated August 9, 2019 (Doc. #36), is DENIED.

      First, Rule 36 does not apply because it authorizes only the correction of clerical errors, whereas the instant motion seeks the substantive modification of the amended judgment. A substantive modification can only be made by appealing from the conviction and sentence. Defendant did not appeal from his conviction or sentence, and the time to do so has long since expired. See Fed. R. App. P. 4(b)(1)(A).

      Second, the amended judgment <u>correctly</u> states defendant was convicted of a wire fraud conspiracy in violation of 18 U.S.C. § 1349.

      Third, the amended judgment does identify the victims of defendant's multi-million dollar fraud scheme, by providing that defendant shall make restitution in the total amount of $8,041,233.17, to the Clerk of Court, for distribution to the victims listed in the separately-filed order of restitution. That order of restitution, dated August 9, 2019 (Doc. #37), explicitly identifies the victims in a Schedule of Victims that, pursuant to the order, was filed under seal to protect the victims' privacy interests.

      Fourth, defendant was present at his sentencing on July 31, 2019, at which time the Court announced the amount of restitution, and the amended judgment did not alter that amount.

      Fifth, the only change in the amended judgment was a change to the restitution payment schedule, which does not constitute a new sentencing that would require the presence of the defendant. Defendant consented to the change in the payment schedule. (Doc. #34). Moreover, at sentencing, he offered to turn over his entire social security income and half his pension income, totaling approximately $4,500 per month, toward restitution. Accordingly, the order of restitution and the amended judgment provide that defendant shall pay restitution in installments of no less than $4,500 per month. Defendant's assertion that the phrase "no less than" is imprecise is patently without merit.

      Finally, the Court rejects any suggestion that the $4,500 monthly installment payment schedule constitutes an undue hardship for defendant, for the obvious reason that defendant himself offered to pay that amount so as to at least partially compensate the many victims of his

1

crimes. If anyone has suffered undue hardship in this case, it is defendant's victims, not defendant.

Defendant's motion to "correct" the amended judgment is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #44).

Chambers will mail a copy of this Order to defendant at the following address:

Hector May, Reg. No. 86417-054
USP Canaan
U.S. Penitentiary
Satellite Camp
P.O. Box 200
Waymart, PA  18472

Dated:  December 5, 2022
        White Plains, NY

SO ORDERED:

*Vincent Briccetti* (signature)

Vincent L. Briccetti
United States District Judge